IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 5:23-CR-00025-KDB-DCK |
| | : | |
| CHAD JOSEPH CAESAR, | : | SENTENCING MEMORANDUM AND |
| | : | REQUEST FOR VARIANCE |
| | : | |
| Defendant. | : | |
| _____ | : | |

NOW COMES the Defendant, by and through undersigned counsel, and hereby files his position regarding sentencing and the pertinent factors set forth in 18 U.S.C. §3553(a), supported by attached exhibits and separately filed medical report[1].

SENTECING MEMORANDUM AND 18 U.S.C. §3553(a) FACTORS

The Defendant respectfully requests the Court to vary downward and sentence Chad Joseph Caesar to a term of imprisonment below the suggested guideline range because such a sentence adequately reflects consultation with the guidelines and consideration of all the *3553(a)* factors relevant to the instant case, including the nature and circumstances of the offense, personal history of the defendant, to provide just punishment for

---

[1] Underlying complete medical records referenced in the filed report are available in PDF format if requested for review.

the offense, provide deterrence, rehabilitation and treatment, and the need to avoid unwarranted sentencing disparities.

Nature of the Offense

While the Offense Level Computation is computed correctly under the Sentencing Guidelines, there has been ongoing research and empirical data by the United States Sentencing Commission specific to the nature of this offense that is also worthy of the Court's consideration. Since the current applicable guidelines have been in place, the Sentencing Commission has recommended to Congress that the non-production child pornography sentencing scheme should be revised to account for technological changes, emerging social science research, and variations in offender culpability and sexual dangerousness.[2] The 2012 Child Pornography Report provided that "due to advancements in technology, enhancements that were only intended to apply to the most serious child pornography offenses were routinely applied to most non-production child pornography offenders."[3] To this date, Congress has not implemented the Commission's statutory or guideline recommendations,[4] resulting in the application of guideline

---

[2] U.S.SENT'G COMM'N. FEDERAL SENTENCING OF CHILD PORNOGRAPHY: NON-PRODUCTION OFFENSES (JUNE 2021), www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf (page 3),citing U.S.SENT'G COMM'N., REPORT TO CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (2012).
[3][3] Id. at page 2.
[4] Id. at page 3.

enhancements to offense conduct that has become "average" due to advancements in technology.

According to The Sentencing Commission's 2021 Report on Non-Production cases, "four of the six enhancements- accounting for a combined 13 offense levels- cover conduct that has become so ubiquitous that they now apply in the vast majority of cases sentenced under §2G2.2 and thus, failed to meaningfully distinguish between more culpable and less culpable offenders."[5] Specifically, "in fiscal year 2019, over 95 percent of non-production child pornography offenders received enhancements for use of a computer and for the age of the victim (images depicting victims under the age of twelve)".[6] Over half (52.2%) of the offenders had images or videos of infants or toddlers and nearly every offender had images or videos depicting victims who were prepubescent.[7] The enhancements for images depicting sadistic or masochistic conduct or abuse of an infant or toddler (84% of cases) or having 600 or more images (77.2% of cases) were also applied in most cases.[8] In fact, in 2019 the median number of images for receipt offenders was 4,674, with a minimum of 3 images to a maximum of 247,685 images.[9]

---

[5] Id. at pages 18-19.
[6] Id.
[7] Id. at page 31.
[8] Id. at page 19.
[9] Id. at page 30.

In this case, the four of the six enhancements referenced above- accounting for a combined 13 offense levels- were applied and cover conduct that has become so ubiquitous that they now apply in the vast majority of cases sentenced under §2G2.2. It is up to the Court to determine the appropriate downward variance to reflect the "typical" offense conduct that the Guidelines enhance, up to 13 offense levels downward.

Additionally, although Guideline §2G2.2(b)(1) is not applied in this case because a user agreement was part of the use of an application (uTorrent browser) that included an acceptance to file access, there is not evidence that the defendant shared, distributed or trafficked material involving the sexual exploitation of a minor. The evidence supports that, outside of accepting a user agreement, defendant's conduct was limited to receipt or solicitation and his files were not in fact accessed or distributed by other users. Defendant respectfully moves this Court to also apply a downward variance the equivalent of a two level offense decrease for this reason.

The Sentencing Commission also provides that §2G2.2 does not adequately account for the relevant aggravating factors identified in the 2012 Report, to wit: participation in an online child pornography community and engaging in aggravating sexual conduct

prior to or concurrently with the instant offense[10]. The report provides, "in contrast to the specific offense characteristics, which apply very frequently across all types of non-production child pornography offenders, these behaviors may provide a more effective means of distinguishing offenders based on culpability and dangerousness."[11] There is not evidence of either of those two aggravating factors in this case.

History and Characteristics of Chad Caesar

Chad Caesar is a 39 year old father of two. He is described by loved ones as caring, hardworking and devoted to his family. He shows not just an acceptance of responsibility, but a true reflection of the offense conduct, regret and shame, acknowledgment of harm caused and a focus on a higher calling going forward.

There are also pro-social characteristics that indicate the potential for a positive trajectory. Chad is fortunate to have an extremely strong support network in his family, he has been married, lived independently, he has children, has religious beliefs and, arguably the strongest indicator of rehabilitation, he wants to rehabilitate and has started the process himself by addressing the addiction issues through working the Alcoholics Anonymous program/steps, starting sex offender specific treatment

---

[10] Id. at pages 6, and 36-45.
[11] Id. at page 44.

pre-indictment and engaging in an honest and tough self-reflection.

<u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence and Protect the Public and Avoid Unwarranted Sentencing Disparities</u>

The nature of the offense is serious without qualification. However, Mr. Caesar's attitude and conduct since committing to AA has shown respect for the law, honest reflection and acknowledgment of wrongdoing and have evidenced the ability and choice to abide by the law going forward, thereby promoting respect for the law, deterrence from criminal conduct and safety of the community. Additionally, Mr. Caesar has never served a term of imprisonment. Any term of federal imprisonment will be significant, not only to him, but also to the general public in that he has no significant criminal history, had a good job and family, yet is not excused from serving prison time for the offense conduct.

The sentence should also aim to avoid unwarranted sentencing disparities among similarly situated defendants. According to the Sentencing Commission, the underlying offense conduct in the typical receipt case is indistinguishable from the typical possession case, yet widespread sentencing disparities existed amoung similarly situated offenders based upon whether they were charged with receipt or possession.[12] In the most recent Sentencing

---

[12] Id. at page 2.

Commission Report, the average sentence for possession convictions was 47 months, with 81.5 percent sentenced below the guideline range, and the average sentence for receipt convictions was 81 months, with 69.2 percent sentenced below the guideline rage.[13]

To Provide the Defendant with Needed Educational or Vocational Training, Medical Care or Other Correctional Treatment in the Most Effective Manner

While required treatment, counseling and training can provide an individual with the tools to improve or rehabilitate, that change will not happen unless the individual wants and chooses that change. Chad Caesar has done that.

To support the trajectory that Mr. Caesar is on, he would respectfully request to be ordered to a facility with RDAP programing to support his sobriety and recovery, mental health treatment and offense conduct specific treatment.

CONCLUSION

The suggested guideline range does not adequately reflect the nature of the offense, Mr. Caesar's personal history, deterrence, sentencing disparities or rehabilitation and treatment. The Defendant respectfully requests the Court grant his request for a downward variance and to impose a term of imprisonment significantly below the suggested guideline range, as it is

---

[13] Id. at page 54-55.

sufficient but not greater than necessary to comport with the considerations and goals of federal sentencing.

This the 13th day of July, 2024.

/s/ KAREN D. GERBER

Attorney for Defendant
NCSB #33898
224 S. Cherry St.
Winston-Salem, NC  27101
(336) 725-6611
Email: karen@karengerberlaw.com

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
UNITED STATES OF AMERICA,    :
                             :
         v.                  :     5:23-CR-00025-KDB-DCK
                             :
    CHAD JOSEPH CAESAR,      :     SENTENCING MEMORANDUM AND
                             :        REQUEST FOR VARIANCE
                             :
         Defendant.          :
_____:
```

## CERTIFICATE OF SERVICE

I, Karen Gerber, do hereby certify that on this date I served a copy of the foregoing DEFENDANT'S SENTENCING MEMORANDUM on the United States of America by using the CM/ECF filing system, which will send notification of such filing to the following individual: Assistant United States Attorney, Daniel Cervantes.

This the 13th day of July, 2024.

/s/ KAREN D. GERBER
Attorney for Defendant
NCSB #33898
22 S. Cherry St.
Winston-Salem, NC  27101
(336) 725-6611
Email: karen@karengerberlaw.com